1

2

3

4                               UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7    ANNETTE GADSON,                              Case No.  15-cv-00460-VC

                  Plaintiff,
8
                                                  **ORDER GRANTING MOTION TO**
9         v.                                      **TRANSFER**

10   UNITED AIRLINES, INC., et al.,               Re: Doc. No. 25

                  Defendants.
11

12        The plaintiff in this case was originally part of a lawsuit filed in the Northern District of

13   California by 23 current or former employees of United Airlines alleging race discrimination with

14   respect to promotions.  After several rounds of motions to dismiss for failure to state a claim, the

15   previously-assigned judge concluded that the plaintiffs had ultimately stated a claim for disparate

16   treatment discrimination (but not disparate impact discrimination).  Then, the previously-assigned

17   judge concluded that the 23 plaintiffs had been improperly joined, and ordered that the case be

18   severed into 23 separate lawsuits.  Each plaintiff then filed a separate complaint (labeled as the

19   "Fifth Amended Complaint"), and the lawsuits were assigned to numerous different judges in the

20   Northern District pursuant to the Court's random assignment system.  Then Chief Judge Hamilton,

21   acting in her capacity as Chair of this Court's Executive Committee, issued an order reassigning all

22   23 cases to the undersigned judge, to conserve judicial resources and avoid duplication of effort.

23        Even though each plaintiff filed a separate complaint, the complaints were nothing but cut-

24   and-paste jobs.  And with respect to promotional opportunities that were unposted, it did not

25   appear that any of the complaints stated a claim for race discrimination, because no individual

26   complaint included allegations about which unposted promotional opportunities the plaintiff had

27   made himself available for.  As a result, in almost all the cases, the undersigned judge issued an

28   order to show cause why the claims relating to unposted positions should not be dismissed (with

United States District Court
Northern District of California

1    one more chance to amend) for failure to state a claim for race discrimination.

2           But in this case, it also appeared from the face of the complaint that the lawsuit was not

3    properly brought in this district.  Accordingly, in this case, rather than issuing the above-

4    referenced order to show cause, the court first permitted the defendants to file a motion to transfer.

5    That motion is now granted.

6           Title VII's venue provision, which governs this case, provides that a case may be brought:

7    (1) "in any judicial district in the State in which the unlawful employment practice is alleged to

8    have been committed," (2) "in the judicial district in which the employment records relevant to

9    such practice are maintained and administered," or (3) "in the judicial district in which the

10   aggrieved person would have worked but for the alleged unlawful employment practice."  42

11   U.S.C. § 2000e-5(f)(3).

12          The unlawful employment practice is committed either where the decision is made or

13   where the effect of the decision is felt, usually where the employee works.  *Passantino v. Johnson*

14   *& Johnson Consumer Prods. Inc.*, 212 F.3d 493, 505 (9th Cir. 2000).  The parties agree that

15   United's employment decisions are made where the position is located, but Ms. Gadson does not

16   allege that she was denied any positions or special assignments in California.  Gadson works at

17   Newark airport and lives in New Jersey; she has never worked in California.  Thus, the complaint

18   does not allege any unlawful employment practice was committed in California.

19          Next, Gadson asserts that her employment records are electronically stored in United's

20   software program, TALEO, which is hosted by Oracle, a California company.  And she asserts

21   that because the IP address connects back to Redwood Shores, California (where Oracle is

22   located), this is enough to confer venue.  But the statute provides that the action may be brought

23   where the relevant records are "maintained and administered," not where the IP address for the

24   server is located.  And in any event the evidence shows the records are stored on a server outside

25   of Chicago.  Dubois Decl. ¶ 3.

26          Finally, because Gadson does not allege she sought and was denied promotional

27   opportunities in California, by definition she would not have worked in California but for the

28   alleged race discrimination.  For these reasons, this district is not the proper venue.  Because this

case could have been filed in the District of New Jersey, because the plaintiff lives and works in that district, and because this appears to be the most convenient venue for the parties and witnesses, the case is transferred to the District of New Jersey.[1]

And even if somehow venue were proper in this district, the court would exercise its discretion to transfer the matter to the District of New Jersey for convenience of the parties and the witnesses.  The only reason this case is presently in this district is that counsel for the plaintiff wants to keep the previously-joined cases together in San Francisco, presumably for strategic reasons or for the lawyers' own convenience (or some combination of the two).  But those concerns are outweighed by the fact that this is, in virtually all respects, a dispute that arose and resides in the District of New Jersey.

**IT IS SO ORDERED.**

Dated: May 22, 2015

_____

VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

_____

[1] The defendants have moved for a transfer to the District of New Jersey.  In response to the transfer motion, the plaintiff has not requested, as an alternative to keeping the case here, transfer to a venue other than the District of New Jersey.

3